**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| LAMAR MARTIN,<br><br>        Plaintiff,<br><br>v.<br><br>ST. HUBERT CATHOLIC HIGH<br>SCHOOL FOR GIRLS; and<br><br>ARCHDIOCESE OF PHILADELPHIA;<br><br>        Defendants. | Civil Action No. _____ |

**DEFENDANTS' NOTICE OF REMOVAL**

Defendants Saint Hubert Catholic High School for Girls ("Saint Hubert"), and the Archdiocese of Philadelphia ("Archdiocese") (collectively, "Defendants"), in accordance with 28 U.S.C. §§ 1331, 1367, 1441, and 1446, hereby file this Notice of Removal, removing the action entitled *Lamar Martin. v. Saint Hubert Catholic High School for Girls et al.*, originally filed in the Court of Common Pleas of Philadelphia County, Pennsylvania, to the United States District Court for the Eastern District of Pennsylvania, and state as follows:

**I.    BACKGROUND**

1.    Plaintiff Lamar Martin ("Plaintiff") initiated this action in the Court of Common Pleas of Philadelphia County, Pennsylvania, under Docket Number 250802114 (the "State Court Action"). True and correct copies of Plaintiffs' Complaint and the accompanying process served on Defendant Saint Hubert and Defendant Archdiocese are annexed hereto as **Exhibit A**.

2.    Plaintiff's Complaint alleges violations of federal statutory law, specifically 42 U.S.C. § 1981 ("Section 1981"), which prohibits racial discrimination in the making and

enforcement of contracts. The Complaint further alleges violations of the Pennsylvania Human Relations Act, 43 P.S. § 951 et seq. ("PHRA"). The claims arise from Defendants' alleged non-renewal of Plaintiff's coaching contract at St. Hubert Catholic High School for Girls, which Plaintiff alleges was motivated by racial discrimination.

## II.    TIMELINESS OF REMOVAL

3.    Defendants St. Hubert Catholic High School for Girls and the Archdiocese of Philadelphia were served with the Complaint on February 24, 2026. In accordance with 28 U.S.C. § 1446(b), this Notice of Removal is filed within thirty days of service.

## III.    VENUE

4.    Since the Court of Common Pleas of Philadelphia County, Pennsylvania, is within this Court's District, this action is properly removable to this Court pursuant to 28 U.S.C. § 1441(a).

## IV.    REMOVAL IS PROPER BASED ON FEDERAL-QUESTION JURISDICTION

5.    This Court has original jurisdiction over the action pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under federal law. Specifically, Plaintiff brings a claim under 42 U.S.C. § 1981, which provides a federal cause of action for intentional racial discrimination in the making and enforcement of contracts, including employment contracts.

6.    The Section 1981 claim is central to the Complaint. Plaintiff expressly alleges that Defendants intentionally discriminated against him on the basis of race by failing to renew his coaching contract while replacing him with white coaches, and that such actions were "willful, wanton, and in reckless disregard of Plaintiff's federally protected rights." (Compl. ¶ 34.)

## V.    SUPPLEMENTAL JURISDICTION OVER STATE-LAW CLAIMS

7. In addition to the federal Section 1981 claim, Plaintiff alleges a related state-law claim for race discrimination under the Pennsylvania Human Relations Act, 43 P.S. § 955(a).

8. This Court has supplemental jurisdiction over the PHRA claim pursuant to 28 U.S.C. § 1367(a), as it derives from a "common nucleus of operative fact" shared with the Section 1981 claim—namely, the non-renewal of Plaintiff's coaching contract at St. Hubert Catholic High School for Girls and the subsequent hiring of white replacement coaches. See United Mine Workers v. Gibbs, 383 U.S. 715, 725 (1966).

9. For these reasons, this Court has original and supplemental jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367.

## V. **COMPLIANCE WITH PROCEDURAL REQUIREMENTS**

10. In compliance with 28 U.S.C. § 1446(a), "a copy of all process, pleadings, and orders served upon" Defendants is attached hereto. *See* Ex. A.

11. In compliance with 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon Defendants is attached hereto. See Ex. A.

12. A copy of the docket maintained for this matter in the Court of Common Pleas of Philadelphia County, Pennsylvania is attached hereto as Exhibit B.

13. In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will give written notice thereof to Plaintiff.

14. In compliance with 28 U.S.C. § 1446(d), promptly after filing this Notice of Removal, Defendants will file a copy of this Notice with the Clerk of the Court of Common Pleas of Philadelphia County, Pennsylvania, in the form attached hereto as Exhibit C.

15.     Defendants consent to and file this Notice without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has stated claims upon which relief may be granted, and without conceding that Plaintiff is entitled to any damages whatsoever.

WHEREFORE, Defendants respectfully request that the United States District Court for the Eastern District of Pennsylvania accept the removal of this action from the Court of Common Pleas of Philadelphia County, Pennsylvania, and direct that the Court of Common Pleas have no further jurisdiction over this matter.

Respectfully submitted,

**JACKSON LEWIS P.C.**

Dated: <u>March 18, 2026</u>          By:     */s/ Timothy M. McCarthy*
                                        Timothy M. McCarthy (PA No. 319308)
                                        timothy.mccarthy@jacksonlewis.com
                                        Jason S. Kaner (PA No. 327891)
                                        jason.kaner@jacksonlewis.com
                                        1601 Cherry Street, Suite 1350
                                        Philadelphia, PA 19102
                                        267-319-7802

                                        *Counsel for Defendants*